**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENNETH SHAW,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
NY-0752-22-0018-I-1

DATE: May 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kenneth Shaw</u>, Brooklyn, New York, pro se.

<u>Kaitlin Fitzgibbon</u>, Esquire, Buffalo, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service. On petition for review, the appellant argues, among other things, that the administrative judge was biased, did not conduct discovery, and improperly denied his witness request. Petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Review (PFR) File, Tab 1 at 1-3. He also appears to argue that he was discriminated against based on his religion and that he was retaliated against for engaging in whistleblowing activity. *Id*. at 1-2. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The administrative judge correctly found that the agency proved its charges of absence without leave and failure to follow leave procedures by preponderant evidence. Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 7-11. She also appropriately found that there is a nexus between the charged misconduct and the efficiency of the service. ID at 11-12. Based on our review of the deciding official's testimony, her decision notice, and the *Douglas*[2] factors worksheet contained in the record, we find that the deciding official properly considered the relevant *Douglas* factors, and we agree with the administrative judge that the penalty of removal was reasonable. ID at 16-19; IAF, Tab 5 at 19, 31-32; IAF, Tab 18, Hearing Recording (testimony of the Center Director/deciding official). We also agree with the administrative judge that the

---

[2] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

appellant failed to prove his affirmative defenses of reprisal for engaging in prior equal employment opportunity (EEO) activity[3] and disparate treatment. ID at 12-16.[4]

<u>The appellant failed to establish that the administrative judge acted improperly in the adjudication of this appeal.</u>

¶3        As briefly set forth above, the appellant argues on review that the administrative judge was biased, failed to engage in discovery, and improperly denied his witness request. PFR File, Tab 1 at 1-3. Regarding the appellant's claim of bias, the Board has explained that, in making such a claim, the party must show that the bias constitutes extra judicial conduct, rather than conduct arising in the administrative proceedings before her, to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545 (2022). Here, the appellant asserts that the administrative judge "was doing the [agency's] bidding" and denied him due process. PFR File, Tab 1 at 1. He has not, however, provided any examples of

[3] Regarding the appellant's EEO reprisal claim, the administrative judge found that the appellant's prior EEO activity was not a motivating factor in his removal. ID at 15. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

[4] As briefly noted above, the appellant appears to argue on review that his removal was also the result of discrimination based on his religion and was taken in reprisal for engaging in whistleblowing activity. PFR File, Tab 1 at 1-2. The appellant did not raise either of these claims below. IAF, Tabs 1, 6, 14. Generally, the Board will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). To the extent the appellant is making these arguments on review, he has not explained why he was unable to raise them below, nor has he asserted that they are based on new and material evidence that was not previously available to him. Accordingly, we have not considered these claims. If the appellant believes that his removal was taken in reprisal for engaging in whistleblowing activity, he may consider filing a complaint with the Office of Special Counsel.

conduct on the part of the administrative judge that was inappropriate, much less extra judicial. *Id*. As such, the appellant's claim of bias is unsupported and, thus, without merit.

¶4    Regarding the appellant's claim that the administrative judge failed to conduct discovery, it is the primary responsibility of the parties to engage in discovery if so sought. *See* 5 C.F.R. § 1201.71 (explaining that the "[p]arties are expected to start and complete discovery with a minimum of Board intervention" and that "[d]iscovery requests and responses thereto are not to be filed in the first instance with the Board"). We discern no error in the administrative judge's handling of discovery. Notably, in an acknowledgment order, the administrative judge explained the discovery process to the parties and set forth how the parties should go about engaging in discovery. IAF, Tab 2 at 3. Additionally, she explained that she would address any problems dealing with discovery in a scheduled status conference. IAF, Tab 7 at 1-2. There is no evidence in the record below that the appellant did not receive the administrative judge's instructions regarding discovery, nor is there any evidence that the parties encountered a discovery dispute that required intervention from the Board. Accordingly, the appellant has failed to show that the administrative judge abused her discretion regarding the discovery process.

¶5    As noted, the appellant also asserts that the administrative judge improperly denied his "one and only witness" request. PFR File, Tab 1 at 3. In his prehearing submission, the appellant requested his cousin as a witness and explained that the cousin had helped him apply for a transfer to a different facility. IAF, Tab 14 at 9. In an order and summary of the prehearing conference, the administrative judge denied the witness request on relevance grounds. IAF, Tab 16 at 2. The appellant has not explained on review why this conclusion was in error, nor has he offered any specific information to which the witness would have testified that he believes to be relevant. PFR File, Tab 1. Therefore, we discern no error in the administrative judge's denial of this

witness. *See* 5 C.F.R. § 1201.41(b)(8) (setting forth the administrative judge's authority and discretion to rule on witnesses).

<u>The documents submitted for the first time on review do not provide a basis to disturb the initial decision.</u>

¶6      The appellant submits with his petition for review numerous documents, including, but not limited to, pleadings and submissions filed below, incomplete excerpts of transcripts, questionnaires, and court filings, a 2010 settlement agreement, and medical documentation discouraging the appellant from using public transportation. PFR File, Tab 1 at 6-135. Several of these documents are already included in the record below. To the extent any of the documents submitted on review are new, the Board will generally not consider evidence submitted for the first time on review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016). Based on our review of the documents, none postdate the close of the record below, and the appellant has not explained why he was unable to submit them then. PFR File, Tab 1. Moreover, the appellant has not shown that any of the documents submitted with his petition for review are of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 249 (1980). Accordingly, we have not considered them.

¶7      Based on the foregoing, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
                         _____
                         Jennifer Everling
                         Acting Clerk of the Board
Washington, D.C.